Matthew C. Maclear, SBN 209228
Jason R. Flanders, SBN 238007
Erica A. Maharg, SBN 279396
J. Thomas Brett, SBN 315820
**AQUA TERRA AERIS LAW GROUP**
4030 Martin Luther King Jr. Way
Oakland, CA 94609
Phone: 415.568.5200
Email: mcm@atalawgroup.com

Paul A. Matiasic, SBN 226448
**THE MATIASIC FIRM, P.C.**
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071
Phone: 213.699.2083
Email: matiasic@mjlawoffice.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALITY SEA FOOD, INC., a California Corporation; JACK BUTTLER, an individual; LBC SEAFOOD, INC., a California Corporation; STEVE LEGERE, an individual; individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>AMPLIFY ENERGY CORPORATION; BETA OPERATING COMPANY, LLC d/b/a BETA OFFSHORE; SAN PEDRO BAY PIPELINE COMPANY; and DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | CASE No.  8:21-cv-1680<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Strict Liability (Government Code § 8670)**<br>2. **Strict Liability (Ultrahazardous Activity)**<br>3. **Negligence**<br>4. **Unfair Business Practices (Business and Professions Code § 17200)**<br>5. **Public Nuisance**<br>6. **Interference with Prospective Economic Advantage**<br>7. **Lost Profits and Earnings Capacity (Federal Oil Pollution Act of 1990)**<br><br>**DEMAND FOR JURY TRIAL** |

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

CLASS ACTION COMPLAINT

Plaintiffs QUALITY SEA FOOD, INC., a California Corporation; JACK BUTTLER, an individual; LBC SEAFOOD, INC., a California Corporation; and STEVE LEGERE, an individual; individually and on behalf of all other similarly situated (hereinafter "Plaintiffs"), by and through their undersigned attorneys, hereby complain and allege as follows against Defendants AMPLIFY ENERGY CORPORATION; BETA OPERATING COMPANY, LLC; SAN PEDRO BAY PIPELINE COMPANY; and DOES 1 THROUGH 100, INCLUSIVE (hereinafter collectively "Defendants"):

## **JURISDICTION**

1.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the amount in controversy exceeds the sum of $5,000,000.00, in the aggregate, there are well over 100 members of the Class that are known to exist, and this is a class action in which the Plaintiffs are from a different state of at least one Defendant.

2.    This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because all claims alleged herein from part of the same case or controversy.

## **INTRODUCTION**

3.    This action arises from a catastrophic oil spill occurring off the coast of Huntington Beach, Orange County, California on or around October 1, 2021 caused by Defendants' oil rig/platform, known as "Elly," and/or a rupture of its San Pedro

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

CLASS ACTION COMPLAINT

Bay Pipeline connected pipelines (hereinafter "oil spill" or "subject oil spill"). As a result of this breach, as much as 144,000 gallons– over 3,000 forty-two (42) gallon barrels of crude oil – discharged into the navigable waters of the Pacific Ocean, quickly spreading and washing ashore onto and into wetlands, estuaries, the Santa Ana River, bays and beaches in heavily populated communities along the coastline from Long Beach to Dana Point, and points south of Newport Beach. As of filing, an oil slick spanning approximately 8,320 acres was created by this spill. South Orange County and San Diego County communities are anticipated to be impacted by the oil spill. The oil spill has already been called a "potential ecological disaster" and an "environmental catastrophe" by officials, severely damaging, if not destroying, wildlife and marine ecosystems in the immediate area and beyond, negatively impacting human health and safety, and significantly interfering with business and economic activities in and around the affected area.

4.    Plaintiffs brings this action on behalf of themselves and a class of similarly situated individuals arising from Defendants' unlawful, unreasonable and tortious acts, omissions, and practices.

5.    Plaintiffs seek an order against Defendants awarding, among other things, damages, injunctive relief, and restitution to Plaintiffs and Class members.

**PARTIES**

6.    Plaintiff QUALITY SEA FOOD, INC., a California Corporation (hereinafter "QUALITY SEA FOOD") is, and at all times alleged in this Class

CLASS ACTION COMPLAINT

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

Action Complaint was, a business organized and existing under the laws of the State of California.  QUALITY SEA FOOD, an historic seafood market operating since 1953, is engaged in the sale and distribution of commercial retail seafood, with its principal place of business at 100 S. International Boardwalk, Redondo Beach, California.  Jeffrey Jones ("Jones") is the Chief Executive Officer and President of QUALITY SEA FOOD.  Since the oil spill, QUALITY SEA FOOD has noticed that customers are already hesitant to purchase seafood.  With the commercial lobster season opening October 6, 2021 and running until March, QUALITY SEA FOOD has serious concerns that the economic loss from lobsters will be enormous as recent and expected prices were predicted to be high.  QUALITY SEA FOOD will incur further serious losses with other types of seafood, including, but not limited to: Red Snapper, California Halibut, Rock Cod, Mexican Snapper, Striped Bass, Tilapia, Sea Bass, Mahi Mahi, Sardines, Anchovies, Smelt, Pomfret, Black Cod, Mackerel, Sheephead, Octopus and Squid.  Jones and QUALITY SEA FOOD rely on the Southern California fisheries from as far south as Newport Beach and the many surrounding fisheries supporting the species necessary to keep their international seafood market open to the public.  QUALITY SEA FOOD operates as a first point of landing for many fishers impacted by the oil spill, as well as a weighmaster for those same commercial fishers.  QUALITY SEA FOOD and Mr. Jones have already experienced negative consequences arising from the oil spill caused by Defendants, and based thereon they face additional imminent injuries and

CLASS ACTION COMPLAINT

losses, as well as the continued impairment of the ability to earn a living and remain operational in the commercial seafood market business.  Defendants' acts and omissions have therefore caused present injury to QUALITY SEA FOOD, as well as the concrete risk of imminent, additional injury.



QUALITY SEA FOOD's Redondo Beach, California storefront.

7.    Plaintiff JACK BUTTLER (hereinafter "BUTTLER") is, and at all times alleged in this Class Action Complaint was, an individual and a resident of Huntington Beach, County of Orange, State of California.  BUTTLER is an urchin diver by trade who bases his operation out of San Pedro, and dives in the Horseshoe Reef, Area 740.  As the spill has tainted the waters, from San Clemente to Newport, that he usually harvests, he now has had to drive his boat to locations upwards of 65 miles away to dive for urchin.  BUTTLER typically sells QUALITY SEA FOOD 500-700 pounds of urchin each week.  The oil spill has severely disrupted his ability to continue generating the same or similar income as compared to before the oil

CLASS ACTION COMPLAINT

spill. Due to the spill, he is no longer permitted to harvest in the areas upon which he relies, causing significant financial hardship. BUTTLER believes the negative consequences of Defendants' oil spill will continue to impair his ability to earn a living as an urchin diver indefinitely. Defendants' acts and omissions have therefore caused present injury to BUTTLER, as well as the concrete risk of imminent, additional injury.

8.    Plaintiff LBC SEAFOOD, INC., a California Corporation (hereinafter "LBC SEAFOOD") is, and at all times alleged in this Class Action Complaint was, a business organized and existing under the laws of the State of California. LBC SEAFOOD is a family-owned seafood wholesaler that purchases lobster from fishers in Orange County and sells them to buyers as far north as Redondo Beach and as far south as San Diego. Additionally, LBC SEAFOOD sells lobster to larger wholesalers and distributers who distribute the product throughout California and as far away as Asia. With the commercial lobster season opening October 6, 2021, and running until March, LBC SEAFOOD has serious concerns that the economic loss from lobster will be enormous as recent and expected prices were predicted to be high. LBC SEAFOOD has already been affected by the oil spill and expects risk of additional imminent injuries and losses, as well as continued impairment of the ability to earn a living and remain operational in the commercial lobster and fishing industries. Defendants' acts and omissions have therefore caused present injury to LBC SEAFOOD, as well as the concrete risk of imminent, additional injury.

CLASS ACTION COMPLAINT

9.      Plaintiff STEVE LEGERE (hereinafter "LEGERE") is, and at all times alleged in this Class Action Complaint was, an individual and a resident of Newport Beach, County of Orange, State of California.  LEGERE is a lobster, crab and sheephead fisher by trade who bases his operation out of Marina Del Rey, and fishes and traps up and down the coast near the oil spill.  LEGERE recently purchased a near-shore permit and entered into an agreement to hire a boat to fish out of Newport Beach.  Prior to the oil spill, LEGERE expected to fish almost year-round for sheephead, in additional to fishing during lobster and crab seasons.  The oil spill has tainted the waters in and around where he lives and fishes.  During lobster seasons in the recent past, LEGERE would normally catch 500-600 pounds of lobster per day, but in the opening days of the 2021/22 season, the catch is down by about two-thirds, as the price has correspondingly fallen also.   The oil spill has severely disrupted LEGERE's ability to continue generating the same or similar income as compared to before the oil spill.  Due to the spill, he is not permitted to harvest in the areas upon which he relies, causing significant financial hardship.  LEGERE believes the negative consequences of Defendants' oil spill will continue to impair his ability to earn a living catching sheephead, lobster and crab indefinitely.  Defendants' acts and omissions have therefore caused present injury to LEGERE, as well as the concrete risk of imminent, additional injury.

10.    Defendant AMPLIFY ENERGY CORPORATION (hereinafter "AMPLIFY") is a Delaware corporation engaged in the business of procuring,

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

CLASS ACTION COMPLAINT

transporting, and supplying oil and natural gas.  AMPLIFY maintains its principal

place of business at 500 Dallas Street, Suite 1700, Houston, Texas.  AMPLIFY

owns Defendant BETA OPERATING COMPANY, LLC, its subsidiary, which is

responsible for the maintenance, management, ownership, control and inspection of

the Elly oil rig/platform and BETA's San Pedro Bay Pipeline (hereafter "Pipeline")

which are the subject of this litigation.  AMPLIFY's Chief Executive Officer is

Martyn Willsher.

11.    Defendant BETA OPERATING COMPANY, LLC d/b/a Beta Offshore

(hereinafter "BETA") is a Delaware corporation engaged in the business of

procuring, transporting, and supplying oil and natural gas.  BETA maintains its

principal place of business at 111 W. Ocean Blvd., Suite 1240, Long Beach,

California.  BETA is a subsidiary of Defendant AMPLIFY, and is responsible for

the day-to-day maintenance, management, ownership, control, and inspection of the

Elly oil platform and its Pipeline which are the subject of this litigation.

12.    Defendant SAN PEDRO BAY PIPELINE COMPANY (hereinafter the

"PIPELINE COMPANY") is a California corporation engaged in the business of

transporting crude oil. The PIPELINE COMPANY maintains its principal place of

business at 111 W. Ocean Blvd., Suite 1240, Long Beach, California. The

PIPELINE COMPANY is a subsidiary of Defendant AMPLIFY and is responsible

for transporting crude oil from offshore platforms, including the Elly Platform, to an

oil pump located in Long Beach, California.

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

13.    The true names and capacities, whether individual, corporate, associate, familial, representative, or otherwise, of Defendants named herein as DOES 1 through 100, inclusive, are unknown to Plaintiffs at this time, and they are therefore sued by such fictitious names pursuant to Code of Civil Procedure §474.  Plaintiffs pray to amend this complaint to allege the true names and capacities of DOES 1 through 100 when Plaintiffs discovers such true identities.  Each of the DOE Defendants designated herein is negligently or otherwise in some manner legally responsible for the events and happenings alleged herein, and negligently or otherwise caused or contributed to the injuries and damages to Plaintiffs as hereinafter alleged.

14.    Plaintiffs are informed and believe, and upon such information allege, that at all relevant times herein, each and every Defendant herein was the agent, ostensible agent, servant, partner, joint venturer, licensee, employer, employee, assistant, relative, or volunteer of each of the other Defendants, and each was at all times alleged herein acting in the course and scope of said agency, ostensible agency, license, service, partnership, joint venture, employment, assistance, relation, and volunteering.

## **VENUE**

15.    Venue is proper in this District under 28 U.S.C. § 1391(a) through (d) because the Plaintiffs reside in this District and are residents of the State of

CLASS ACTION COMPLAINT

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

California.  Alternatively, venue is proper in this this District because the violations and harm that the Defendants caused is in this District.

## **SUBSTANTIVE ALLEGATIONS**

16.    AMPLIFY and BETA, companies engaged in the procurement, extraction, and provision of oil and natural gas, own and maintain oil rigs and connected pipelines off the coast of Orange County, California, including the Elly rig/platform and Pipeline.  Plaintiffs are informed and believe that the Pipeline, which runs from the Elly platform northward to the Port of Long Beach, was constructed approximately forty years ago and is approximately seventeen miles in length.  The Pipeline measures approximately sixteen inches in diameter.  The Elly oil rig is located approximately five miles off the coast of Huntington Beach, a heavily populated community with expansive beaches, wetlands, diverse wildlife, riparian and marine ecosystems, and an active commercial fishing, diving, boating and seafood harvesting industries.

17.    On Friday, October 1, 2021, individuals in Newport Beach and Huntington Beach began noticing strong odors and by that evening, the Office of Spill Prevention and Response, a division of the California Department of Fish and Wildlife, was notified of a sheen on the water off the coast of Huntington Beach.

18.    AMPLIFY CEO Martyn Willsher has stated that Defendants did not know about the leak until Saturday, October 2, 2021, at 8:09 a.m., when a sheen on

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

CLASS ACTION COMPLAINT

the water was detected by Defendants.  The U.S. Coast Guard has stated that it was first notified by Defendants of the spill on October 2, 2021.

19.   In a Corrective Action Order ("COA") issued to Defendants by the U.S. Department of Transportation in response to the oil spill, the following Preliminary Findings were made:

a. At approximately 02:30 PDT (05:30 Eastern Daylight Time (EDT)) on October 2, 2021, Beta Offshore's control room personnel received a low-pressure alarm on the San Pedro Bay Pipeline, indicating a possible failure.

b. Beta Offshore reported the San Pedro Bay Pipeline was shut down at approximately 06:01 PDT (09:01 EDT) on October 2, 2021—over three hours later.

c. At 12:07 EDT on October 2, 2021 (NRC Report No. 1318463), over six hours after the initial alarm and three hours after the company shut down the pipeline, Beta Offshore reported the Accident to the National Response Center (NRC) indicating there was a release of crude oil in the vicinity of its pipeline near Platform Elly.

d. An oil sheen can be observed in the San Pedro Bay, an inlet of the Pacific Ocean, for approximately 13 miles. Local beaches have been closed. On October 3, 2021, the California Environmental Protection Agency's Office of Environmental Health Hazard Assessment issued a

11

CLASS ACTION COMPLAINT

Declaration of Fisheries Closure Due to a Public Health Threat Caused by an Oil Spill into Marine Waters.

e.  The San Pedro Bay Pipeline traverses a High Consequence Area (HCA) as defined in 49 C.F.R. § 195.450 and an ecologically unusually sensitive area as defined in § 195.6.



A beach in Huntington Beach, CA covered in crude oil washed ashore in October 2021.



Local wildlife, dead and covered in oil as a result of this spill.

CLASS ACTION COMPLAINT

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

20.    At the time of filing this Complaint, it was reported the spill emanating from the Pipeline had an approximate 13-inch split on a 4,000-foot section of the Pipeline that had been displaced laterally about 105 feet.

21.    As of the time of filing this Complaint, the spill estimated spill size has reached 144,000 gallons and oil from the spill has been detected at least between the Huntington Beach and Newport Beach areas.

22.    The disaster caused by this oil spill has resulted, and will continue to result in, profound environmental, ecological, social, health, and economic impacts.

## CLASS ACTION ALLEGATIONS

23.    Plaintiffs bring this class action lawsuit on behalf of the following proposed class and subclass of similarly situated persons, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs propose to represent the following class:

> All persons or businesses in commercial fishing, diving, and seafood sales in the United States that claim economic losses, or damages to their occupations, business, and/or property as a result of the subject oil spill which occurred on or around October 1, 2021-October 2, 2021.

24.    Plaintiffs propose to represent the following subclasses of Plaintiffs:

a.    Commercial seafood markets

CLASS ACTION COMPLAINT

b.  Commercial fishers[1] and divers

c.  Commercial seafood wholesalers

Plaintiffs reserve the right to propose additional subclasses of Plaintiffs in connection with their Motion for Class Certification, and as determined by the Court in its discretion.

25.  <u>Ascertainability</u>: This action has been brought and may properly be maintained as a class action against Defendants because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable. The number and identity of class members can be easily ascertained.  Because the oil spill was a distinct catastrophic event, the class members—who consist of fishers, divers, seafood buyers/sellers/marketers at the retail and wholesale levels, and other related businesspeople—will not have difficulty discerning these injuries, or their cause. The spill has affected the ability of these individuals to fish as well as customer demand, and continues to do so.  Those who can or will no longer work as a result of the spill are or will be aware of that fact.  Similarly, those whose businesses were affected by the spill and its lingering effects are aware of these facts

---

[1] Commercial fishers are defined to include all persons who fish in waters near shore, in mid-water and in the deep sea, and include but are not limited to the use of nets, trawling, gillnets, lines, traps or pots.  Commercial fishers sell landed fish to markets. The objects of these fishers include, but is not limited to, lobster, crab, squid, urchin, sardine, anchovy, mackerel, halibut, lingcod, rockfish, seabass, sharks, jacksmelt and sheephead.

CLASS ACTION COMPLAINT

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

and the resulting costs.  Finally, those in the fishing industry are well aware of any

current or continuing changes to the availability, quality or demand for their

products.

26.   <u>Numerosity</u>: Plaintiffs do not know the exact size of the class, but

estimate it is composed of more than 100 persons.  The persons in the class are so

numerous that the joinder of all such persons is impracticable and the disposition of

their claims in a class action rather than in individual actions will benefit the parties

and the courts.

27.   <u>Common Questions Predominate</u>: This action involves common

questions of law and fact to the potential classes because each class member's claim

derives from the same deceptive, unlawful and/or unfair practices, acts, statements

and omissions.  The common questions of law and fact predominate over individual

questions, as proof of a common or single set of facts will establish the right of each

member of the class to recover.  The questions of law and fact common to the class

including, but are not limited to, the following:

a.   Whether Defendants acted negligently, recklessly, wantonly, and/or

unlawfully to cause the subject oil spill;

b.   Whether Defendants established, installed, implemented, inspected, and

maintained adequate safety measures and systems to as to prevent and

control such oil spills;

The Matlasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

CLASS ACTION COMPLAINT

c. Whether Defendants engaged in adequate supervision of its facilities and systems that could have prevented the subject oil spill or reduced its scope and scale;

d. Whether class members have suffered from Defendants' violations of the Lempert-Keene-Seastrand Oil Spill Prevention and Response Act, Government Code Section 8670, *et seq*.; the Porter-Cologne Act, Water Code Sections 13000, *et seq.*; Cal. Fish & Game Code Section 5650, *et seq*.; the Federal Clean Water Act, 33 U.S.C. § 1251 *et seq.*; the Oil Pollution Act, 33 U.S.C. § 2701, *et seq*.; various local, state, and federal spill notification laws; and the oil spill response plans required by local, state, and federal laws.

e. Whether Defendants' conduct is unlawful, unfair, or fraudulent in violation of the Unfair Competition Law, California Business and Professions Code §17200, *et seq*.;

f. Whether Defendants' engaged in unconscionable, deceptive, and/or unreasonable business practices and conduct;

g. Whether Defendants knowingly, intentionally, or negligently concealed, suppressed, or omitted material facts concerning the safety of its oil rig/platform and Pipeline from the public;

h. Whether Defendants knowingly, intentionally, or negligently concealed, suppressed, omitted, or delayed relaying material facts regarding the

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

CLASS ACTION COMPLAINT

subject oil spill to local, state, and federal agencies, thereby slowing the

response and/or increasing the damages to Plaintiffs and other class

members;

i.  Whether Defendants are strictly liable to Plaintiffs and class members

by virtue of state and/or federal law;

j.  Whether class members are entitled to restitution, injunctive and other

equitable relief and, if so, what is the nature (and amount) of such relief;

and

k.  Whether class members are entitled to payment of actual, incidental,

consequential, exemplary and/or statutory damages plus interest thereon,

and if so, what is the nature of such relief.

28.    <u>Typicality</u>: Plaintiffs' claims are typical of the claims of other members

of the Class because, among other things, all such claims arise out of the same

wrongful course of conduct in which the Defendants engaged in violations of law as

described herein.  Further, the damages of each member of the Class were caused

directly by Defendants' wrongful conduct in violation of the law as alleged herein.

Plaintiffs and the classes have suffered injury in fact as a result of Defendants'

actions and inactions.

29.    <u>Adequacy of Representation</u>: Plaintiffs will fairly and adequately protect

the interests of all class members because it is in their best interests to prosecute the

claims alleged herein to obtain full compensation due to them for the unfair and

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

CLASS ACTION COMPLAINT

illegal conduct of which they complain.  Plaintiffs have no interests that are in conflict with, or antagonistic to, the interests of class members.  Plaintiffs have retained highly competent and experienced attorneys to represent his interests and that of the classes.  By prevailing on their own claims, Plaintiffs will establish Defendants' liability to all class members.  Plaintiffs and their counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for class members.

30.    <u>Superiority</u>: There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the classes will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

18

to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

31.    <u>Notice</u>: Notice by mail and/or local publication, including electronic means, will adequately apprise interested class members.

32.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Strict Liability (Government Code § 8670))

33.    Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

34.    The Lempert-Keene-Seastrand Oil Spill Prevention and Response Act ("the Act") provides that "[a] responsible party, as defined in Section 8670.3, shall be absolutely liable without regard to fault for any damages incurred by any injured person that arise out of, or are caused by, a spill." Cal. Gov't Code Section 8670.56.5(a).

35.    The Pacific Ocean off the coast of Orange County is defined as "marine waters" pursuant to Government Code § 8670.3(j).

36.    Defendants constitute "responsible parties" pursuant to Government Code § 8670.3(ac) as they are the "owner or transporter of oil or a person or entity accepting responsibility for the oil."

CLASS ACTION COMPLAINT

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

37.   The oil that is the subject of this action is "oil" as defined by the Act, which defines "oil" as "[a]ny kind of petroleum, liquid hydrocarbons, or petroleum products or any fraction or residues therefrom, including, but not limited to, crude oil, bunker fuel, gasoline, diesel fuel, aviation fuel, oil sludge, oil refuse, oil mixed with waste, and liquid distillates from unprocessed natural gas." Cal. Gov't Code Section 8670.3(p)(1).

38.   "Spill," "discharge," or "oil spill" means a release of any amount of oil into waters of the state that is not authorized by a federal, state, or local government entity.  Cal. Gov't Code Section 8670.3(ag).

39.   As the responsible party for the oil that is the subject of this action, Defendants are liable under the Act.

40.   On or around October 1, 2021, Defendants discharged or spilled crude oil into the Pacific Ocean and are therefore absolutely liable without regard to fault for all damages that Plaintiffs and the Class sustained or will sustain.  That discharge was not permitted by state or federal law.

41.   The Act entitles a plaintiff to recover a wide variety of damages, including, but not limited to, loss of subsistence use of natural resources; injury to, or economic losses resulting from destruction of or injury to, real or personal property, which shall be recoverable by any claimant who has an ownership or leasehold interest in property; loss of taxes, royalties, rents, or net profit shares caused by the injury, destruction, loss, or impairment of use of real property,

CLASS ACTION COMPLAINT

personal property, or natural resources; and loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources.  Cal. Gov't Code Section 8670.56.5(h).

42.   The contamination illegally caused by the discharge of crude oil into or upon area beaches and the Pacific Ocean injured, caused to be lost, and/or impaired the use of property or natural resources on which Plaintiffs and the Class depend for their livelihood, including, but not limited to, local beaches and marine waters; populations of fish, squid, and shellfish; and marine protected areas and ecosystems. It also caused injury to and destruction of real or personal property, as well as impairment of earning capacity of Plaintiffs and the Class.

43.   Because Plaintiffs and members of the Class: rely on natural resources for subsistence use; Plaintiffs derive at least twenty-five percent of their annual or seasonal earnings from activities that utilize property or natural resources damaged by Defendants' oil spill; Plaintiffs' livelihoods and earning capacity depend directly on the integrity of the Pipeline being maintained, monitored and responded to so as to avoid its rupturing and thereby damaging the natural resources in and around the Pacific Ocean, and along the California coastline; and/or Defendants' damage to natural resources has caused Plaintiffs a loss of taxes, royalties, rents, or net profit; or all of the above, Defendants are liable to Plaintiffs and the Class under the Act.

CLASS ACTION COMPLAINT

44.    The injury, destruction, loss, and/or impairment of usability of these natural resources has caused Plaintiffs and the Class to lose profits and will cause future losses of profits and/or impair their earning capacities.

45.    The long-lasting effects of contamination related to the discharge of toxic crude oil into the Pacific Ocean and coastal areas, which Plaintiffs and the Class rely on, requires that Plaintiffs and the Class continue future monitoring and testing activities in order to ensure that such marine life is not contaminated and is safe and fit for human consumption, that the toxic oil from the spill does not further contaminate and degrade Plaintiffs' property, and that their earning capacity is not impaired.

## SECOND CAUSE OF ACTION
### (Strict Liability (Ultrahazardous Activity))

46.    Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

47.    At all relevant times herein, Defendants were the owners, operators, and maintainers of the Elly rig/platform and Pipeline and had supervision, custody, and control of the Pipeline.

48.    At all relevant times herein, Defendants were under a continuing duty to protect the Plaintiffs and the Class from the harm caused by the ruptured or leaking Pipeline.

CLASS ACTION COMPLAINT

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

49.    At all relevant times herein, Defendants were engaged in ultrahazardous activities, including the transportation of flammable, hazardous, and toxic oil through the waters of the Pacific Ocean via the Pipeline.

50.    Plaintiffs and the Class have suffered harm from the discharge of toxic oil, including the release of benzene, sulfur dioxide, hydrogen sulfide, volatile organic compounds, oil and other hazardous substances, from the Pipeline.

51.    The injuries sustained by Plaintiffs and the Class as a result of the oil spill were the direct and proximate result of Defendants' activities.

52.    The harm to Plaintiffs and the Class was and is the kind of harm that would be reasonably anticipated as a result of the risks created by transporting flammable, hazardous, and toxic oil in a pipeline, and not properly maintaining the pipelines in close proximity to the Pacific Ocean.

53.    Defendants' operation of the Pipeline and its actions and inactions resulting in the oil spill were substantial factors in causing the harms suffered by Plaintiffs and the Class.

54.    As a result of Defendants' strict liability, Plaintiffs and Class members are entitled to recover actual damages.

55.    The acts and omissions of Defendants were conducted with malice, fraud, and/or oppression as set out in this Complaint.

//

//

CLASS ACTION COMPLAINT

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

# THIRD CAUSE OF ACTION
### (Negligence)

56.    Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

57.    Defendants owed a duty to Plaintiffs and the Class to exercise reasonable and ordinary care in their management, ownership, control, and operation of the Elly rig/platform and the Pipeline and in their actions following the subject oil spill.  That duty arose generally as well as from, among other things, federal, state, and local laws, ordinances and regulations that require Defendants to operate a pipeline in a manner that does not damage public health and safety.  These laws include, but are not limited to: the Lempert-Keene-Seastrand Oil Spill Prevention and Response Act, Government Code Section 8670, *et seq.*; the Porter-Cologne Act, Water Code Sections 13000, *et seq.*; Cal. Fish & Game Code Section 5650, *et seq.*; the Federal Clean Water Act, 33 U.S.C. § 1251 *et seq.*; and local, state, and federal spill response and notification laws.

58.    Defendants breached their duty to Plaintiffs and the Class by, among other things: failing to properly install the oil rig/platform and/or Pipeline; failing to properly maintain the oil rig/platform and/or Pipeline; failing to properly operate the oil rig/platform and/or Pipeline, resulting in this catastrophic oil spill; failing to properly inspect the subject oil rig/platform and/or Pipeline; failing to ensure that the subject oil rig/platform and/or Pipeline were in safe, operational condition; failing to properly monitor the subject oil rig/platform and/or Pipeline; failing to

CLASS ACTION COMPLAINT

respond to indications of low pressure, a sign of a leak, in a timely fashion so as to minimize the discharge of oil from the controls in place at the subject oil rig/platform and/or Pipeline; failing to install reasonable safety equipment to prevent an oil spill, including adequate emergency shut-off valves; failing to promptly notify the appropriate authorities immediately upon receiving information suggestive of the fact that a breach to the Pipeline and/or oil spill had occurred; failing to promptly respond to and contain the spill; failing to comply with the Lempert-Keene-Seastrand Oil Spill Prevention and Response Act, Government Code Section 8670, *et seq*.; the Porter-Cologne Act, Water Code Sections 13000, *et seq.*; Cal. Fish & Game Code Section 5650, *et seq*.; the Federal Clean Water Act, 33 U.S.C. § 1251 *et seq.*; and local, state, and federal spill response and notification laws; and failing to warn Plaintiffs, the Class, and the public at large of the scope and extend of the oil spill and the potential hazards and impacts associated therewith.

59.    At all relevant times herein, Defendants negligently, wantonly, carelessly and/or recklessly maintained and operated the oil rig/platform and/or the Pipeline.  Defendants' conduct fell below the standard of care of a reasonable property or Pipeline owner/operator in similar circumstances.

60.    Defendants, in the exercise of reasonable care, should have known that the Pipeline could rupture or otherwise fail and spill significant amounts of oil, and could have averted the discharge from the Pipeline by adequately maintaining the

CLASS ACTION COMPLAINT

Pipeline and promptly acting when the spill triggered its low pressure alarm at 02:30 (PDT) on October 2, 2021.

61.    In addition, Defendants' breaches of the above duties and violations of the above-cited statutes, ordinances, and/or regulations resulted in precisely the harm to Plaintiffs that the laws listed above were designed to prevent, and Plaintiffs and the Class are members of the class of persons for whose protection those laws were adopted.

62.    The actions and inactions of Defendants as set forth herein were negligent or, alternatively, were negligent under the doctrine of *res ipsa loquitor*.

63.    As a direct and proximate result of Defendants' negligence, Plaintiffs and the Class have sustained damages.  Those damages take primarily two forms: short-term and long-term.  As a direct and legal cause of the Defendants' wrongful acts and omissions herein above set forth, Plaintiffs and the Class have suffered and will continue to suffer economic harm, injury to earning capacity, and losses.

64.    The short-term damages include loss of profits due to fishing closures caused by the spill, and increased costs associated with traveling to different fisheries.  The closures have excluded fishers from fishing grounds for lobster, crab, cod, mackerel, squid, and other species.  The short-term damages also include loss of available, local seafood, and lost profits due to cancellations from customers who, but for Defendants' oil spill, would have used services offered by businesses

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

CLASS ACTION COMPLAINT

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

in Orange County and the surrounding counties, or simply visited the businesses there.

65.    The long-term damages include future lost profits due to the harm caused to the fisheries themselves.  For example, the oil is likely to depress (or even eradicate in some areas) populations of sea urchins, crab, lobster, and other crustaceans by directly killing numbers of those species or hindering their breeding and feeding.  Similarly, oil that sinks below the surface will poison fish and potentially smother their eggs, limiting their future numbers.  The taboo associated with an oil spill has and will continue to drive down the price of local fish and shellfish, as consumers and fish processors become wary of producing locally-caught species.

66.    Similarly, the image of the Southern California coast as a pristine place as a perfect place to vacation has been tarnished.  Images of oil-soaked birds, dead dolphins, and fouled beaches now show up prominently in internet searches for "Huntington Beaches" or "Newport Beaches" and will dissuade people from visiting the region and the many businesses that depend on tourism and other visitors.

67.    The acts and omissions of Defendants, and each of them, were conducted with malice, fraud, and/or oppression as described in this Complaint

## FOURTH CAUSE OF ACTION
### (Unfair Business Practices (Business and Professions Code § 17200))

68.    Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

CLASS ACTION COMPLAINT

69.    Defendants' conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").  Defendants' conduct constitutes unlawful or unfair business acts or practices as the UCL forbids all wrongful business activities in any context in which they appear.

70.    Defendants have engaged in, are engaging and/or continue to engage in unlawful, unfair or fraudulent business practices, acts and omissions causing Plaintiffs and class members to have suffered injuries in fact and lost money or property as a result of Defendants unfair competition.

71.    Plaintiffs and class members have relied on Defendants in keeping the oil rig/platform and Pipeline in safe and good operating condition so as to avoid a catastrophic discharge of oil as occurred on or about October 1, 2021.  Further, Plaintiffs and class members relied on the truth of statements from Defendants concerning the cause, discovery and response to the oil spill for their truth and accuracy, such that they continued to engage in commercial fishing and retail sales after oil began discharging from the Pipeline and are now refraining from engaging in such commercial activities based on the falsity of Defendant's statement(s).

72.    Moreover, as described above, Defendants' practices offend and violated established laws, public policies, are immoral, unethical, oppressive, and unscrupulous.  The impact of Defendants' practices is in no way mitigated by any justifications, reasons, excuses or motives.  Defendants' conduct has no utility when compared to the catastrophic harm done to Plaintiffs and members of the Class.

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

73.    Defendants' conduct is "unlawful" because it violated laws including but not limited to the Lempert-Keene-Seastrand Oil Spill Prevention and Response Act, Government Code Section 8670, *et seq.*; the Porter-Cologne Act, Water Code Sections 13000, *et seq.*; Cal. Fish & Game Code Section 5650, *et seq.*; the Federal Clean Water Act, 33 U.S.C. § 1251 *et seq.*; the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.*; various local, state, and federal spill notification laws; and the oil spill response plans required by local, state, and federal laws.  Local, state, and federal officials have announced civil and criminal investigations into Defendants' conduct related to the spill, so it is reasonable to infer that Defendants may have violated other laws.

74.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to short-term and long-term economic harm, injury to earning capacity, and other losses as set forth above.

75.    Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendants' unlawful conduct and to recover restitution.  The relief sought includes, but is not limited to, an order requiring Defendants to do the following: restore fisheries impacted by the spill; repair reputational damage done to the affected area's seafood industry; medical monitoring of the marine life in the affected area; and preventing

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

CLASS ACTION COMPLAINT

Defendants from operating the Pipeline without adequate safety mechanisms and ongoing monitoring, to ensure that no future spills occur.

76.    Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

77.    Plaintiffs and class members bring this action as a private attorney general pursuant to California Code of Civil Procedure section 1021.5, and any other applicable legal theory, to enforce important rights affecting the public interest.

78.    Issuance of the relief requested in this complaint will confer significant benefits on the general public by, among other benefits: requiring restoration of fisheries impacted by the oil spill; and an order requiring Defendants to operate the Pipeline in such a way to ensure no further spills and resulting losses of jobs occur as a result of Defendants operation and maintenance of the Pipeline.

79.Issuance of the relief requested in this Complaint will result in the enforcement of important rights affecting the public interest, by compelling Defendants to restore the fisheries, abate the contamination and protect public health and natural resources.

80.    The necessity and financial burden of enforcement are such as to make an award of attorneys' fees appropriate in this proceeding.  Absent enforcement by

CLASS ACTION COMPLAINT

Plaintiffs and class members, the oil pollution and impacts detailed herein might otherwise evaded legally adequate removal and abatement.

81.    Plaintiffs and the Class have no adequate remedy at law for the injuries that will result from failure of the Defendants to safely replace and/or repair, operate, and maintain the Pipeline and it could be impossible for Plaintiffs and the Class to determine the precise amount of damages they will suffer if Defendants' conduct is not restrained and Plaintiffs are forced to institute a multiplicity of suits to obtain adequate compensation for injuries and harm to the Class.

82.    The acts and omissions of Defendants were done with malice, fraud, and/or oppression as described in this Complaint.

## FIFTH CAUSE OF ACTION
### (Public Nuisance)

83.    Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

84.    Defendants, in both their actions and in their failures to act, have created a condition that is harmful to health and interferes with the comfortable enjoyment of life and property by discharging approximately 144,000 gallons of crude oil into the Pacific Ocean and onto the California coastline, wetlands, and beaches.

85.    This nuisance affects a substantial number of individuals similarly situated to the Plaintiffs, such as citizens of and visitors to the affected area of Southern California, commercial fishers that rely on the safe and healthy

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

CLASS ACTION COMPLAINT

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

environment in the area; and businesspeople who rely on the commercial fishing and related industries.

86.   Defendants' oil spill is a condition which would reasonably annoy and disturb an ordinary person, as shown by, for example, the health impacts warned of by the county, the community outrage in response to the spill, and the nationwide interest in the spill's impacts on the Southern California coast.

87.   The seriousness and gravity of this harm outweighs any social utility of Defendants' conduct.  There is no social utility associated with releasing over 144,000 gallons of oil into the unique ecological setting of the waters off the Southern California coast.

88.   Plaintiffs and the Class suffered harm and injury to their economic livelihood, to which they did not consent and which is different from the type of harm suffered by the general public.

89.   The acts and omissions of Defendants described herein were also in violation of various California state laws including but not limited to the Lempert-Keene-Seastrand Oil Spill Prevention and Response Act, Government Code Section 8670, *et seq.*; the Porter-Cologne Act, Water Code Sections 13000, *et seq.*; Cal. Fish & Game Code Section 5650, *et seq.*; the Federal Clean Water Act, 33 U.S.C. § 1251 *et seq.*; the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.*; various local, state, and federal spill notification laws; and the oil spill response plans required by local, state, and federal laws.

90.    Defendants' violations of those statutes directly and proximately caused, and will continue to cause, injury to the Plaintiffs and the Class of a type which the statutes are intended to prevent.  Plaintiffs and the Class are of the class of persons for whose protection these statutes were enacted.

91.    As a direct and legal cause of Defendants' wrongful acts and/or omissions herein above set forth, Plaintiffs and the Class have suffered and will suffer economic harm, injury, and other losses.

92.    To remedy the harm caused by Defendants' nuisance, Plaintiffs will seek public injunctive relief, including, but not limited to, an order requiring Defendants to do the following: restore fisheries impacted by the spill; repair reputational damage done to the affected area's seafood industry; and preventing Defendants from operating the Pipeline without adequate safety mechanisms and ongoing monitoring, to ensure that no future spill occurs.

93.    In maintaining the nuisance, which is ongoing, Defendants are acting with full knowledge of the consequences and damage being caused, and the acts and omissions of Defendants, were done with malice, fraud, and/or oppression as described in this Complaint

### SIXTH CAUSE OF ACTION
### (Interference with Prospective Economic Advantage)

94.    Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

CLASS ACTION COMPLAINT

95.   At all relevant times herein, Plaintiffs and the Class had existing and/or prospective economic relationships with citizens of Southern California, visitors to the area, and other individuals and organizations doing business in and related to Southern California in the areas affected by this oil spill.  These relationships have a reasonably probable likelihood of resulting in future economic benefits or advantages to Plaintiffs and the Class.

96.   Defendants knew or should have known of these existing and prospective economic relationships.

97.   Defendants owed a duty to Plaintiffs and the Class to avoid negligent or reckless conduct that would interfere with and adversely affect the existing and prospective economic relationships of Plaintiffs and the Class.

98.   Defendants breached their duty to Plaintiffs and the Class by, among other things: failing to properly install the oil rig/platform and/or Pipeline; failing to properly maintain the oil rig/platform and/or Pipeline; failing to properly operate the oil rig/platform and/or Pipeline, resulting in this catastrophic oil spill; failing to properly inspect the subject oil rig/platform and/or Pipeline; failing to ensure that the subject oil rig/platform and/or Pipeline were in safe, operational condition; failing to properly monitor the subject oil rig/platform and/or Pipeline; failing to respond to indications of low pressure, a sign of a leak, in a timely fashion so as to minimize the discharge of oil from the controls in place at the subject oil rig/platform and/or Pipeline; failing to install reasonable safety equipment to

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

34

prevent an oil spill, including adequate emergency shut-off valves; failing to promptly notify the appropriate authorities immediately upon receiving information suggestive of the fact that a breach to the Pipeline and/or oil spill had occurred; failing to promptly respond to and contain the spill; failing to comply with the Lempert-Keene-Seastrand Oil Spill Prevention and Response Act, Government Code Section 8670, *et seq.*; the Porter-Cologne Act, Water Code Sections 13000, *et seq.*; Cal. Fish & Game Code Section 5650, *et seq.*; the Federal Clean Water Act, 33 U.S.C. § 1251 *et seq.*; and local, state, and federal spill response and notification laws; and failing to warn Plaintiffs, the Class, and the public at large of the scope and extend of the oil spill and the potential hazards and impacts associated therewith.

99.    Defendants knew or should have known that, if they failed to act with reasonable care, the existing and prospective economic relationships of Plaintiffs and the Class would be interfered with and disrupted.

100.  Defendants were negligent and failed to act with reasonable care as herein set forth above.

101.  Defendants engaged in wrongful acts and/or omissions as herein set forth above, including but not limited to their violations of federal, state, and local laws that require Defendants to operate the Pipeline in a manner that does not damage public health and safety.

CLASS ACTION COMPLAINT

102. As a direct and proximate result of Defendants wrongful acts and/or omissions, Defendants negligently and recklessly interfered with and disrupted the existing and prospective economic relationships of Plaintiffs and the Class.

103. As a direct and proximate result of Defendants' wrongful acts and/or omissions, Plaintiffs and the Class have suffered and will suffer economic harm, injury, and losses as herein set forth above.

## SEVENTH CAUSE OF ACTION
### (Lost Profits and Earnings Capacity (Federal Oil Pollution Act of 1990))

104. Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

105. Defendants' conduct, as set forth above, violates the Federal Oil Pollution Act of 1990 (33 U.S.C. § 2701, *et seq.*).

106. At all relevant times herein, Defendants were the owners, operators, and maintainers of the Elly rig/platform and Pipeline and had supervision, custody, and control of the Pipeline. Each Defendant constitutes a "responsible party" as defined by 33 U.S.C. § 2701(32)(F).

107. The Pipeline constitutes a "facility" as defined by 33 U.S.C. § 2701(9): "'facility' means any structure, group of structures, equipment, or device (other than a vessel) which is used for one or more of the following purposes: exploring for, drilling for, producing, storing, handling, transferring, processing, or transporting oil. This term includes any motor vehicle, rolling stock, or pipeline used for one or more of these purposes."

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

CLASS ACTION COMPLAINT

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

108.  The oil that is the subject of this spill constitutes "oil" as defined by 33 U.S.C. § 2701(23): "'oil' means oil of any kind or in any form, including petroleum, fuel oil, sludge, oil refuse, and oil mixed with wastes other than dredged spoil…"

109.  The oil spill constitutes a "discharge" as defined by 33 U.S.C. § 2701(7): "'discharge' means any emission (other than natural seepage), intentional or unintentional, and includes, but is not limited to, spilling, leaking, pumping, pouring, emitting, emptying, or dumping."

110.  Defendants engaged in wrongful acts and/or omissions as herein set forth above, including but not limited to their violations of federal, state, and local laws that require Defendants to operate the Pipeline in a manner that does not damage public health and safety.

111.  As a result of the acts and omissions of Defendants, a massive, destructive oil spill occurred, causing Plaintiffs and Class members to incur loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources.

112.  Pursuant to 33 U.S.C. § 2702(a), "each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified in subsection (b) that result from such incident."  These damages for which Defendants are liable include damages for injury to natural resources, real or personal property,

CLASS ACTION COMPLAINT

loss of subsistence use, loss of revenue, loss of profits or impairment of earning capacity, and costs of providing increased public services.  33 U.S.C. § 2702(b)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, those similarly situated, and the general public, pray for judgment as follows:

A.   Certification of the proposed class and subclasses, including appointment of Plaintiffs' counsel as counsel for the Class;

B.   Orders temporarily and permanently enjoining Defendants from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.   For appropriate injunctive relief, including public injunctive relief; i.e., an order requiring Defendants to do the following: restore fisheries impacted by the spill; repair reputational damage done to the affected area businesses in Southern California's seafood industry; and an order requiring Defendants to operate the Pipeline in such a way to ensure no further spills and resulting losses of jobs;

D.   For medical monitoring for those individuals within the Class who were exposed to the oil while on the water and for those exposed in the course of performing ship maintenance on those exposed vessels;

E.   For general (non-economic) damages according to proof;

F.   For special (economic) damages according to proof;

CLASS ACTION COMPLAINT

G.    For punitive (exemplary) damages according to proof;

H.    For payment of attorneys' fees and expert fees as may be allowable under applicable law, including Cal. Code of Civ. Pro. section 1021.5, Cal. Gov. Code section 8670.56.5(f) the Private Attorneys General Act ("PAGA"), Cal. Lab. Code. § 2698, et seq.;

I.    An award of restitution in an amount to be determined;

J.    For pre-judgment and post-judgment interest as permitted by law;

K.    For costs of suit herein;

L.    For such other and further relief as the Court may deem just and proper.

Dated: October 8, 2021          By:  */s/ Paul A. Matiasic*

                    Matthew Maclear
                    **AQUA TERRA AERIS LAW GROUP**

                    Paul A. Matiasic
                    **THE MATIASIC FIRM, P.C.**

                    *Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for all issues so triable.

Dated: October 8, 2021          By:  */s/ Paul A. Matiasic*

                    Matthew Maclear
                    **AQUA TERRA AERIS LAW GROUP**

                    Paul A. Matiasic
                    **THE MATIASIC FIRM, P.C.**

                    *Attorneys for Plaintiffs*

The Matiasic Firm, P.C.
355 S. Grand Ave., Ste. 2450
Los Angeles, CA 90071

39

CLASS ACTION COMPLAINT